# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION: LONDON

| | |
|---|---|
| **SOUTHERN COAL SALES CORPORATION,** | ) ) ) ) |
| Plaintiff, | ) ) **CIVIL ACTION** |
| v. | ) **FILE NO. _____** ) ) |
| **ROCKTENN CP, LLC,** | ) **Removed from Harlan Circuit** ) **Court, Civil Action No. 15-CI-** ) **00016** |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant RockTenn CP, LLC ("RockTenn"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Harlan County, Kentucky, to the United States District Court for the Eastern District of Kentucky, London Division. In support, RockTenn respectfully shows the Court as follows:

### I. INTRODUCTION

This case is properly removable because this action is between citizens of different states and the amount in controversy exceeds $75,000.00. Thus, this Court can properly exercise jurisdiction over this action in its entirety.

22647483 v1

## II. PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

Plaintiff Southern Coal Sales Corporation ("Plaintiff") commenced this action on January 12, 2015, by filing a Complaint against RockTenn in the Harlan Circuit Court, Harlan County, Kentucky, Civil Action No. 15-CI-00016 (the "Complaint"). Plaintiff's claims arise out of a coal requirements contract with RockTenn, wherein RockTenn agreed to purchase from Plaintiff 100% of RockTenn's coal requirements for its Fernandina Beach, Florida paper mill during 2013, under the terms and conditions stated therein[1] (the "Supply Agreement"). (Complaint, ¶¶ 6, 7). Plaintiff alleges, among other things, that RockTenn "proceeded to breach the [Supply] Agreement, . . . by not purchasing 100% of its requirements from the Plaintiff." (Complaint, ¶ 14). RockTenn denies the allegations.

In the Complaint, Plaintiff asserts claims against RockTenn for declaratory relief and for damages for the alleged breach of the Supply Agreement. (Complaint, ¶¶ 44-51). In the claim for declaratory relief, Plaintiff seeks a declaration that RockTenn's conduct "constitutes a repudiation and material breach of the [Supply] Agreement" and that Plaintiff fully and properly cured its own breach of the Supply Agreement, among other things. (Complaint, First Cause of

---

[1] Although the Supply Agreement expressly states that its term began on January 1, 2013, the Complaint states that the term of the Supply Agreement began on January 1, 2014. (Complaint ¶ 6; see also Complaint, Ex. A, § 3).

Action, ¶ 46). In its claim for breach of the Supply Agreement, Plaintiff states that "RockTenn has either failed to comply with its obligations or have (sic) materially breached the specific provisions of the [Supply] Agreement." (Complaint, Second Cause of Action, ¶ 49). Plaintiff states that it "seeks to recover damages for breach of contract in excess of the minimum amount in controversy, i.e. $5,000." (Complaint, ¶ 3). Pursuant to the Kentucky Rules of Civil Procedure, Plaintiff does not specify the amount of its alleged damages, but Plaintiff does claim that it was damaged by RockTenn's alleged breach of the Supply Agreement. (See generally Complaint).

The Supply Agreement, attached to the Complaint as Exhibit A, states that the estimated quantity of coal to be purchased by RockTenn during the term of the Supply Agreement would be 228,000 tons. (Complaint, Ex. A, § 4). The Supply Agreement sets the price for each ton of coal at $71.00, making the total estimated spend under the Supply Agreement $16,188,000. (Complaint, Ex. A, § 8(a)). The Complaint alleges that RockTenn should have purchased two train shipments of coal each month, but Plaintiff made only two deliveries of coal in December 2012 and January 2013, making coal purchases at issue in this action all of the coal required by RockTenn from February 2013 through December 2013. (See Complaint, ¶¶ 12, 15, 17, 43).

Prior to filing the Complaint, in a letter dated March 21, 2013, Plaintiff's Chief Commercial Officer, Tom D. Lusk, presented Plaintiff's assessment of RockTenn's alleged breach of the Supply Agreement and Plaintiff's alleged injuries (the "March 21 Letter"). A true and correct copy of the March 21 Letter is attached hereto as Exhibit "A." In the March 21 Letter, Mr. Lusk states in pertinent part:

> The damages to [Plaintiff] go far beyond the ability to sell the coal at the contract price. RockTenn should be reminded in reliance on the [] Supply Agreement [Plaintiff] added employees, equipment and other items to accommodate the additional tons being purchased by RockTenn. There currently remains 217,953.10 tons outstanding under the [] Supply Agreement. The current difference between the market and contract is $7.40 ($71.00 contract, $63.30 market). As a result, the damages owed to [Plaintiff] as a result of RockTenn's wrongful termination are $1,612,852.94.

(March 21 Letter, p. 2).

This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty (30) days from the date this action first became removable. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of causes. Written notice of the filing of this Notice of Removal has been served upon Plaintiff's counsel, and a copy of this Notice of Removal, along with RockTenn's Notice of Filing Notice of Removal, will be filed promptly with the Clerk of the Circuit Court of Harlan County, Kentucky. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B." The United States

District Court for the Eastern District of Kentucky, London Division, is the district and division embracing the Court where this action is currently pending. True and correct copies of all process, pleadings, or orders that have been served upon RockTenn in this action are attached hereto as Exhibit õC.ö

### III.  DIVERSITY JURISDICTION

This action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Circuit Court of Harlan County, Kentucky is a state court within this judicial district and division. Further, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

A)   **Diversity of Citizenship of the Parties.**

Complete diversity of citizenship exists between Plaintiff and RockTenn. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state by which it is incorporated and the state where it has its principal place of

business.  A limited liability company is deemed to be a citizen of each state in which any of its members, limited or general, are citizens.  28 U.S.C. § 1332(c)(1); Homfeld II, LLC v. Comair Holdings, Inc., 53 F. Appx. 731 (6th Cir. 2002); see also Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009); Rich & Rich P'ship v. Poetman Records USA, No. 08-42-ART, 2008 WL 1868028 (E.D. Ky. Apr. 24, 2008).

Plaintiff is a Delaware corporation with its principal place of business in Virginia.  (Complaint, ¶ 1).  Accordingly, Plaintiff is a citizen of Delaware and Virginia.  RockTenn is a limited liability company whose sole member is Rock-Tenn Company.  Rock-Tenn Company is a corporation incorporated in Georgia with its principal place of business in Norcross, Georgia.  (See Rock-Tenn Company Articles of Merger, and current Rock-Tenn Company printout from Georgia Secretary of State, true and correct copies of which are attached hereto collectively as Exhibit "D").  Accordingly, RockTenn, by and through the citizenship of its sole member Rock-Tenn Company, is a citizen of Georgia.  Because Plaintiff is a citizen of Delaware and Virginia and RockTenn is a citizen of Georgia, there can be no question that complete diversity of citizenship exists between Plaintiff and RockTenn.[2]

---

[2] In the Complaint, Plaintiff states that "Defendant RockTenn CP, LLC . . . is . . . a limited liability company organized under the laws of the state of Delaware with its principal place of business [in] . . . Georgia."  (Complaint, ¶ 2).  Although

22647483 v1                                    6

B)   **Amount In Controversy.**

Diversity jurisdiction is also proper because it is apparent from Plaintiff's Complaint and the claims asserted therein that the amount in controversy "more likely than not" exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs. In general, "when a plaintiff alleges a specific amount of damages in the complaint, that amount controls unless the defendant proves to a 'legal certainty' that plaintiff in good faith cannot claim the jurisdictional amount." Egan v. Premier Scales & Sys., 237 F. Supp. 2d 774, 775-76 (W.D. Ky. 2200) (citing Klepper v. First American Bank, 916 F.2d 337, 340 (6th Cir. 1990)). However, Kentucky state law "prohibits any plaintiff from specifically making a numerical demand in excess of the state's jurisdictional amount." Id.; see also KY. R. CIV. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than the allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court").

---

RockTenn admits it is a limited liability company organized under the laws of the state of Delaware, RockTenn's relationship with Delaware is not relevant for determining its citizenship for purposes of federal diversity jurisdiction. The state of formation and principal place of business of a limited liability company is disregarded for citizenship purposes under 28 U.S.C § 1332. See YA Landholdings, LLC v. Sunshine Energy, KY I, LLC, 871 F. Supp. 2d 650 (E.D. Ky. 2012).

Thus, in cases where the plaintiff alleges "an unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the burden remains with the defendant to show that the amount in controversy is "more likely than not" greater than the federal jurisdictional requirement. Egan, 237 F. Supp.2d at 776 (citing Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993)); see also Hollon v. Consumer Plumbing Recovery Ctr., 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006); Lindon v. Kakavand, 2013 WL 5441981, at *4-6 (E.D. Ky. Sept. 27, 2013) (citing Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) (noting that courts may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the amount-in-controversy requirement is met)).

For purposes of determining whether the amount in controversy exceeds the jurisdictional requirement, a defendant is permitted to present a settlement letter and/or payment demand letter as relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim. See Labuy v. Peck, No. 5:10-CV-158-JMH, 2010 WL 4313336, at *2 (E.D. Ky. Oct. 25, 2010) (holding that plaintiff's initial settlement offer of $125,000 "reflect[s] a reasonable estimate of the plaintiff's claim" and is "relevant evidence of the amount of controversy"); see also Osborne v. Pinsonneault, No. 4:07CV-2-M, 2007 WL 710131, at *2 (W.D. Ky. Mar. 2, 2007) (holding that the plaintiff's initial settlement offer of $125,000

"clearly exceeded the jurisdictional minimum" and even though the plaintiff made a second settlement offer of only $74,000, defendant demonstrated "by a preponderance of the evidence" that the plaintiffs' claims met the $75,000 amount-in-controversy requirement); Hunt v. Walter A. Smith Enter., No. 5:14-CV099916-TBR, 2014 WL 991783, at *3 (W.D. Ky. Mar. 13, 2014) (holding that the defendant "has carried its burden of showing that the amount in controversy more likely than not exceeds $75,000" because plaintiff's payment demand letter offering to settle her claim for the $1,000,000 policy liability limit applying to her personal injury claims "is certainly evidence that [p]laintiff sought more than $75,000 before removal"). Further, when a plaintiff seeks injunctive or declaratory relief, the court measures the amount in controversy "by the value of the object of the litigation." Northup Props., Inc. v. Chesapeake Appalachia, LLC, 567 F.3d 767, 770 (6th Cir. 2009); see also Helton v. American Highwall Min., LLC, 2013 WL 2367969, at *1 (E.D. Ky. May 29, 2013).

In the case at bar, it is "more likely than not" that the amount in controversy in this action exceeds the $75,000 statutory minimum. Although the Complaint does not demand a specific amount of money, Plaintiff asserts a breach of contract claim alleging that RockTenn failed to purchase 11 months of coal, estimated to be 19,000 tons per month based on 228,000 tons for 12 months. Thus, the reasonable inference from Plaintiff's allegations is that Plaintiff is seeking to recover for

22647483 v1          9

approximately 209,000 tons of coal at a price of $71.00 per ton, or $14,839,000. Viewing it from the other direction, at a price of $71.00 per ton, to reach $75,001 in controversy, the breach of contract claim would need only be for RockTenn's alleged failure to purchase 1,056.35 tons, which is a small fraction of the monthly estimated required purchases under the Supply Agreement.[3]

In addition, Plaintiff accused RockTenn of breaching the Supply Agreement prior to filing suit. Plaintiff stated that its "damages owed to Southern Coal as a result of RockTenn's wrongful termination are $1,612,852.94." (See March 21 Letter, p. 2). In the March 21 Letter, Mr. Lusk explains that Plaintiff's $1,612,852.94 damages calculation reflects the total amount of coal that RockTenn refused to purchase (217,953.10 tons) multiplied by the then-current difference between market and contract price of the coal. (Id.). Thus, the March 21 Letter "reflect[s] a reasonable estimate of the plaintiff's claim" and is "relevant evidence of the amount of controversy." See Labuy, 2010 WL 4313336, at *2. Accordingly, while RockTenn adamantly denies Plaintiff's allegations and denies that it is liable to Plaintiff in any amount, RockTenn has met its burden of

---

[3] It bears repeating that RockTenn strenuously denies Plaintiff's allegations of any wrongdoing by RockTenn and the allegations discussed herein are merely taken from the Complaint to demonstrate diversity jurisdiction. In fact, this lawsuit was filed surreptitiously by Plaintiff in a race to the courthouse knowing that RockTenn was prepared to sue Plaintiff for its breach of the Supply Agreement which caused RockTenn more than $1 million in damages.

demonstrating that the amount in controversy in this action "more likely than not" exceeds $75,000 based on the "nature and types of damages alleged" in the Complaint and the statements made in the March 21 Letter. See Hunt, 2014 WL 991783, at *3.

Plaintiff also asserts a claim for declaratory relief seeking a declaration that, among other things, RockTenn's conduct "constitutes a repudiation and material breach of the [Supply] Agreement" and that Plaintiff cured its breaches under the Supply Agreement. (Complaint, First Cause of Action, ¶ 46). In connection with its claim for declaratory relief, Plaintiff asks the Court to declare that Plaintiff is entitled to "compensatory, incidental, and consequential damages and has a right to recover . . . attorney fees, costs and all other relief allowed under the [Supply] Agreement." (Complaint, First Cause of Action, ¶ 46(d)).

It is well established that when a plaintiff seeks declaratory relief, the court measures the amount of controversy "by the value of the object of the litigation." Northup Props., 567 F.3d at 770; Helton, 2013 WL 2367969, at *1. The Complaint and the Supply Agreement attached thereto make clear that the twelve-month Supply Agreement involved approximately $16,188,000 worth of anticipated coal purchases. The Complaint further alleges that RockTenn terminated the Supply Agreement without purchasing 11 months of coal (February through December 2013) which would be valued at $14,839,000 under the pricing

in the Supply Agreement. Thus, the value of the object of the requested declaratory judgment in the litigation (the Supply Agreement), is between $14,839,000 and $16,188,000 -- well in excess of the $75,000 statutory minimum.[4]

## IV. CONCLUSION

WHEREFORE, for the reasons set forth above, RockTenn respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Harlan County, Kentucky to the United States District Court for the Eastern District of Kentucky, London Division. RockTenn further prays that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Harlan County be hereby stayed.

Respectfully submitted this 9th day of February, 2015.

/s/C. BISHOP JOHNSON
C. BISHOP JOHNSON
CAWOOD & JOHNSON, PLLC
P.O. Drawer 128
Pineville, Kentucky 40977
Telephone: (606) 337-6500
Fax: (606) 337-6100
E-mail: cbishopjohnson@bellsouth.net

John O'Shea Sullivan

---

[4] The March 21 Letter also clearly indicates that the "value of the object of the litigation" from Plaintiff's perspective exceeds $75,000, because Plaintiff stated that RockTenn owed damages to Plaintiff in the amount of $1,612,852.94.

*Pro Hac Vice Application To Be Filed*
Georgia Bar No. 691305
Tala Amirfazli
*Pro Hac Vice Application To Be Filed*
Georgia Bar No. 523890
BURR & FORMAN LLP
171 Seventeenth Street
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Fax: (404) 817-3244
E-mail: ssullivan@burr.com
E-mail: tamirfazli@burr.com

COUNSEL FOR ROCKTENN CP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2015, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and served a copy of said document on the following attorney of record via first-class, United States mail, postage prepaid, addressed as follows:

>Johnnie L. Turner, Esq.
>Johnnie L. Turner, P.S.C.
>114 South First Street
>P.O. Box 351
>Harlan, Kentucky 40831

>/s/C. BISHOP JOHNSON
>C. BISHOP JOHNSON
>CAWOOD & JOHNSON, PLLC
>P.O. Drawer 128
>Pineville, Kentucky 40977
>Telephone: (606) 337-6500
>Fax: (606) 337-6100
>E-mail: cbishopjohnson@bellsouth.net